# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH J. BROADBENT, | Case No.: 2:07-cv-00541-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#2, joinder, #6; Motion to Dismiss–#4) |
| SOURCE ONE MORTGAGE; HSBC BANK; COOPER CASTLE LAW FIRM; STEPHANIE COOPER HERDMAN; and WILLIAM JANSEN, et al, | |
| Defendants. | |

Before the Court is Defendants Stephanie Cooper Herdman ("Herdman") and the Cooper Castle Law Firm's ("Cooper Castle") **Motion to Dismiss and Opposition to Petition for Writ of Prohibition** (#2, ERRATA #5), filed May 5, 2007, joined by Defendant HSBC Bank (#6) on May 21, 2007. Also before the Court is Defendant William Jansen's ("Jansen") **Motion to Dismiss** (#4), filed May 16, 2007. No Opposition has been filed to either Motion.

## BACKGROUND

The instant litigation arises from the home foreclosure of Plaintiff, appearing pro se. Though the allegations are unclear, it appears that Plaintiff defaulted on his mortgage, was evicted from his home, and his home sold at a foreclosure sale. Following those events, the dates

1

AO 72
(Rev. 8/82)

of which are unclear, Plaintiff initiated the instant litigation alleging that his mortgage is "worthless commercial paper" and that the Defendants conspired together to fraudulently file a mortgage on his behalf, cause his eviction, and collect on the note.

Regarding the moving Defendants, Plaintiff alleges that Herdman, of the law firm Cooper Castle, is the "end user holder" of Plaintiff's mortgage note, that she falsely accused Plaintiff of owing money on his mortgage, and that she conspired with Defendant Jansen, the Justice of the Peace who signed Plaintiff's eviction order, to evict Plaintiff from his home.

For these actions, Plaintiff asserts various causes of action based on the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Real Estate Settlement Procedures Act ("RESPA"). Further, he alleges that the foreclosure sales constituted a theft of his property. He also makes various other allegations that are incomprehensible.

In addition to his Complaint, Plaintiff submits a Petition for Peremptory and Permanent Writ of Prohibition, which seeks to verify that Sheriff Young, who is no longer in office, is properly in office; to place Plaintiff back into his home; to stay proceedings in his state Justice Court case regarding, presumably, his eviction and/or foreclosure; direct the Justice Court to show cause and jurisdiction over his proceedings; and require all of the elected and appointed county officers involved in his eviction to validate their qualifications for office.

Defendants Herdman, Cooper Castle, HSBC, and Jansen now move to dismiss Plaintiff's Complaint, Petition, and Writ against them and certain other Defendants. For the following reasons, the Court dismisses Plaintiff's pleadings in their entirety, and with respect to Jansen, dismisses all claims against him with prejudice.

**DISCUSSION**

**I. Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "[A] complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citation omitted). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.*" McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citation omitted).

**II.  Plaintiff's Complaint**

The Court dismisses Plaintiff's Complaint, Petition, and Writ in their entirety. First, Plaintiff alleges that he failed to receive validation of his debt after he requested it. While Plaintiff appears to be asserting a violation of the FDCPA, he fails to allege any facts from which the Court can determine whether a violation was made and under what provision of the FDCPA it falls. Second, insofar as Plaintiff alleges violations of RICO, FCRA, and RESPA, Plaintiff's Complaint, Petition and Writ contain no allegations to support these claims. As a result, Plaintiff has failed to comply with Fed. R. Civ. P. 8(a) requiring a short, plain statement showing that he is entitled to relief.

With respect to Defendant Jansen, the Court dismisses all claims against him with prejudice because it finds that he is judicially immune from suit. The action for which Jansen is accused–signing Plaintiff's eviction order–was performed in his judicial capacity and thus he is exempt from civil liability for it. *State v. Second Judicial Dist. Ct.*, 55 P.3d 420, 423-424 (Nev. 2003) (recognizing the common law doctrine of judicial immunity in Nevada). Even if Jansen received kickbacks or bribes from Herdman for signing the eviction order, as alleged by Plaintiff, Jansen is nevertheless exempt from prosecution because judicial immunity follows all judicial acts even if made "in error, [were] done maliciously, or [were] in excess of [] authority." *Stump v.*

*Sparkman*, 435 U.S. 349, 356 (1978) (stating a judge is "subject to liability only when he acted in the 'clear absence of all jurisdiction.'").

And last, the Court is doubtful that all of the Defendants have been properly served. The moving Defendants state that Plaintiff served his Complaint through a bulk mailing that, in their opinion, almost certainly did not reach the individuals purported to have been served.

For these reasons, the Court dismisses Plaintiff's Complaint, Petition and Writ in their entirety, and with respect to Defendant Jansen, dismisses all claims against him with prejudice.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Cooper Herdman and The Cooper Castle Law Firm's Motion to Dismiss (#2, ERRATA #5), joined by Defendant HSBC Bank (#6) is DENIED as moot. The Court *sua sponte* dismisses Plaintiff's Complaint, Petition, and Writ in their entirety. The Court further denies Defendants' request for attorneys fees.

IT IS FURTHER ORDERED that Defendant Jansen's Motion to Dismiss (#4) is GRANTED. All claims against Defendant Jansen are dismissed with prejudice.

Dated  July 30, 2007.

_____
**ROGER L. HUNT**
**Chief United States District Judge**